IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Ali Abbas, and | ) | |
| All Others Similarly Situated | ) | Civil Action |
|     Plaintiffs | ) | File No. |
| | ) | |
| v. | ) | |
| | ) | Jury Demanded |
| Khanji & Sons, Inc., and Baboo Khanji | ) | |
|     Defendants | ) | |
| | ) | |
| | ) | |

### PLAINTIFF'S ORIGINAL CLASS COMPLAINT

NOW COME PLAINTIFF, Ali Abbas, and all others similarly situated, and complain of Defendants Khanji & Sons, Inc. and Baboo Khanji ("Defendants"), and for cause of action would respectfully show the Honorable Court as follows:

### I.
### INTRODUCTION

1. This is a collective action suit to recover unpaid overtime wages brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

2. This action seeks equitable relief, compensatory and liquidated damages, attorney's fees, all costs of the action, and post-judgment interest for Defendants' willful failure to pay overtime wages to Ali Abbas ("Mr. Abbas" or "Plaintiff"), and to all others similarly situated, in the course of their employment with the Defendants.

### II.
### JURISDICTION AND VENUE

3. Mr. Abbas, on behalf of himself and the plaintiff class, brings this action to recover unpaid overtime compensation from Defendants pursuant to the FLSA, a federal statute.

1

4. The Court has jurisdiction pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1367.

5. The Court has personal jurisdiction over each Defendant because each conducts business in Texas, and in particular, in the Southern District of Texas, sufficient to constitute minimum contacts with the state and this district.

6. Venue is proper in the Southern District of Texas under 28 U.S.C. § 1441(a).

## III.
### PARTIES

7. **Ali Abbas**, Plaintiff, is a resident of Harris County, Texas. Plaintiff was an employee who worked as a clerk at a convenience store owned / operated / controlled by the Defendants. The convenience store does business as "BK Food Mart", and is located at 3502 Lydia Street, Houston, Texas 77021 (hereinafter, "BK Food Mart").

8. **Members of the "Plaintiff Class"** are current and former hourly employees of Defendants who work, or worked, at one or more of Defendants' business establishments, including BK Food Mart, collectively comprising an enterprise under the FLSA.

9. Defendant, **Baboo Khanji,** is an individual who may be served with summons and complaint at his residence at 5718 Ames Crossing, Sugar Land, Texas 77479, or at any other address where he may be found. This Defendant owns (or owned), operates (or operated) and controls (or controlled) gasoline stations and/or convenience stores engaged in interstate commerce or in the production of goods for interstate commerce ("Gas Stations/Convenience Stores"). One of these Gas Stations/Convenience Stores is BK Food Mart, the business where Plaintiff worked for the Defendants.

## IV.
### ALLEGATIONS OF EMPLOYMENT RELATIONSHIP

10. For purposes of this action, the "Relevant Period" begins on the date that is three years prior to the filing of this action, and continues thereafter until the date of judgment.

11. During the Relevant Period, Defendant Baboo Khanji and his Gas Stations/Convenience Stores have been "employers" under 29 U.S.C. § 203(d), which the Supreme Court has referred to as "'the broadest definition that has ever been included in any one act.'" *United States v. Rosenwasser*, 323 U.S. 360, 363 n.3 (1945) (quoting 81 CONG. REC. 7657). The term has been interpreted to encompass one or more joint employers, *Donovan v. Sabine Irrigation Co., Inc.*, 695 F.2d 190 (5th Cir. 1983); *Hodgson v. Griffin & Brand of McAllen, Inc.*, 471 F.2d 235 (5th Cir. 1973), *cert. denied*, 414 U.S. 819 (1973), and is not be limited by formalistic labels or common law notions of employment relationships. *Mednick v. Albert Enterprises, Inc.*, 508 F.2d 297 (5th Cir. 1975).

12. Defendant Baboo Khanji ("Mr. Khanji" or the "Individual Defendant") and his Gas Stations/Convenience Stores are an integrated enterprise. Because Mr. Khanji acted, directly or indirectly, in the interest of the employer with respect to each employee in the Plaintiff Class, Mr. Khanji and his Gas Stations/Convenience Stores were the employer of members of the Plaintiff Class. Each such individual, including the Plaintiff, is (or was) similarly situated in all relevant respects, including method of compensation, recording of time worked, and job duties.

13. At all material times, Plaintiff and all members of the Plaintiff Class have been "employees" and were employed within the meaning of 29 U.S.C. §§ 203(e) and 203(g). Each such individual, including the Plaintiff, performed work duties at the request of the Defendants which constituted "to suffer or permit to work".

## V.
### "ENTERPRISE" AND "INDIVIDUAL" COVERAGE ALLEGATIONS

14. Each Defendant was subject to the requirements of the FLSA because "enterprise" and "individual" based coverage existed during the Relevant Period.

15. Individual coverage existed because in dispensing his duties for the Defendants

3

as a clerk at BK Food Mart, Mr. Abbas handled, sold or otherwise worked on goods or materials for commerce and/or handled, sold, or otherwise worked on goods or materials that had been moved in or produced for commerce (i.e., including handling and selling food/drinks the Defendants purchased in a state other than Texas, and sold to customers in Texas who were either travelling between states or who had travelled to or from other states). Plaintiff was thus engaged in interstate commerce under 29 U.S.C. § 207(a)(2)(C), and he met the individual coverage requirement of the FLSA.

16. The enterprise coverage requirements of 29 U.S.C. § 203(s)(1)(A) are also satisfied. Mr. Khanji and his Gas Stations/Convenience Stores have (or had) employees engaged in commerce or in the production of goods for commerce, and/or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

17. In the course of owning, operating and controlling the Gas Stations/Convenience Stores, Defendant Khanji's employees regularly utilized the instrumentalities of interstate commerce (i.e., mail, telephone, credit cards, banks, etc.), and regularly handled materials that have been moved across state lines (i.e., gasoline, food items, alcohol, cleaning supplies, mops, brooms, computers, towels, soap, cleaning chemicals, etc.). Defendant Khanji, and his Gas Stations/Convenience Stores, are thus "engaged in commerce" and worked on "goods or materials that have been moved in … commerce". *See, Reyes v. Rite-Way Janitorial Serv.*, No. H-15-0847, 2016 U.S. Dist. LEXIS 18172 (S.D. Tex. Feb. 16, 2016), quoting *Polycarpe v. E & S Landscaping Serv.*, 616 F.3d 1217 (11th Cir. 2010).

18. Additionally, during each of the past three years prior to the filing of this action, and continuing thereafter, Defendant Khanji and his Gas Stations/Convenience Stores had at least $500,000 in "annual gross volume of sales made or business done." 29 U.S.C. § 203(s)(1)(A)(ii).

4

19. Defendant Khanji and his Gas Stations/Convenience Stores are an enterprise under 29 U.S.C. § 203(r)(1) because they together engaged in related activities performed under common control by Defendant Khanji, for a common business purpose, irrespective of the fact that such related activities are (or were) performed by one or more legal entity or business establishment.

20. Defendant Khanji and his Gas Stations/Convenience Stores are the employer for purposes of this collective action. 29 C.F.R. §791.2(b). In particular, they together employed each member of the Plaintiff Class and are deemed to have control over these employees, directly or indirectly, by reason of the fact that the Gas Stations/Convenience Stores where Plaintiff and the Plaintiff Class worked are (or were) under common control. 29 C.F.R. §791.2(b)(3).

21. Defendants' Gas Stations/Convenience Stores are an integrated enterprise. "Superficially distinct entities may be exposed to liability upon a finding that they represent a single, integrated enterprise: a single employer". *Trevino v. Celanese Corp.*, 701 F.2d 397, 404 (5th Cir. 1983).

22. Defendant Khanji owns, operates and/or controls (or owned, operated and/or controlled) the Gas Stations/Convenience Stores where Plaintiff and members of the Plaintiff Class worked.

23. Defendant Khanji possessed the authority to set wage and overtime policies affecting all clerks (including Mr. Abbas) who work or worked at these Gas Stations/Convenience Stores.

24. The wage and overtime policies Defendant Khanji devised and implemented for his Gas Stations/Convenience Stores violated the overtime pay provisions of the FLSA because Plaintiff and members of the Plaintiff Class worked overtime hours for which they received straight-time wages, or no wages at all.

5

25. The Defendants also violated the FLSA by failing to pay Plaintiff and members of the Plaintiff Class straight-time and overtime wages for hours worked 'off-the-clock'.

## VI.
### COLLECTIVE ACTION ALLEGATIONS

26. Mr. Abbas seeks conditional certification of this case as a collective action under 29 U.S.C. § 216(b). See also, *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207 (5th Cir. 1995). The "similarly situated" standard at the initial conditional certification stage is lenient, plaintiff's burden is not heavy, the evidence needed is minimal and the existence of some variations between potential claimants is not determinative of lack of similarity. *Prejean v. O'Brien's Response Mgmt.*, 2013 U.S. Dist. LEXIS 158948 *15.

27. Further, where conditional certification involves a potential class of employees that worked for separate, but related, employers, courts have reserved consideration of whether the separate employers are joint employers for a final, stage two determination. *Velazquez v. FPS LP*, 2014 U.S. Dist. LEXIS 107073, *16, 2014 WL 3843639 (Hon. Harmon, J.), quoting *McKnight v. D. Houston., Inc.*, 756 F. Supp. 2d 794, 806 (S.D. Tex. 2010) (Hon. Rosenthal, J.).

28. The class, therefore, includes all current and former clerks of the Gas Stations/ Convenience Stores that Defendant Khanji owned (directly or indirectly), operated and/or controlled. Mr. Abbas seeks notice to issue to all similarly situated employees because they collectively were victims of Defendant Khanji's widespread and identical violations of the FLSA, including non-payment of overtime and wages for hours worked 'off-the-clock'.

29. Mr. Khanji and his Gas Stations/Convenience Stores violated the FLSA on a weekly basis because they did not to pay some straight-time and all overtime wages at the required base hourly rate / premium overtime rate of time-and-one-half of the employee's base hourly rate. *See* 29 U.S.C. §207(a)(1). The common pay policy of the Gas Stations/Convenience Stores under Mr. Khanji's direction and control is *prima facie* evidence of "some identifiable

6

facts or legal nexus [that] bind the claims so that hearing the cases together promotes judicial efficiency." *McKnight v. D. Hous., Inc.*, 756 F. Supp. 2d 794, 801 (S.D. Tex. 2010) (Rosenthal, J.).

30. Members of the Plaintiff Class have been victimized by Defendant Khanji's ill-conceived patterns, practices, and policies that violate the FLSA. As such, other similarly situated employees of the Gas Stations/Convenience Stores were denied their lawful wages; Plaintiff's experiences are typical of the experiences of members of the Plaintiff Class as it pertains to unpaid overtime and unpaid wages for hours worked 'off-the-clock'; and, the specific job titles or job requirements of the various members of the Plaintiff Class do not prevent collective treatment because of said legal nexus binding them together as a class.

31. Likewise, by failing to document the pay owed to Plaintiff and to members of the Plaintiff Class, Defendant Khanji committed repeated violations of the recordkeeping requirements of the FLSA. *See,* 29 U.S.C. §211(c); 29 C.F.R. §516. 29; and C.F.R. §516.27.

32. Although the amount of damages may vary among individual members of the Plaintiff Class, there is no detraction from the common nucleus of liability facts that render this matter appropriate as a collective action under 29 U.S.C. § 216(b).

33. All current and former non-exempt employees, regardless of job title, job requirements, or rate of pay, to whom Defendant Khanji denied overtime compensation for hours worked in excess of 40 in one or more workweek, are similarly situated to Plaintiff, and are thus appropriate members of the Plaintiff Class. The individuals are also similarly situated because of Defendants' class-wide failure to pay wages for hours worked 'off-the-clock'.

34. All current and former non-exempt clerks employed by Defendant Khanji's Gas Stations/Convenience Stores, who at any time during the Relevant Period were denied overtime compensation in any given workweek may properly be included as members of the Plaintiff Class.

35. The class Mr. Abbas seeks to represent is comprised of <u>all current and former clerks 1) who worked at any Gas Station/Convenience Store located in Texas that was owned, operated and / or controlled by Defendant Khanji during the Relevant Period, and 2) who did not receive overtime pay for time worked in excess of forty (40) hours during one or more workweek, or who did not receive wages for hours worked 'off-the-clock' during any workweek</u>.

36. Individuals who opt into the collective action will be added to the litigation, and copies of their written consents to join a collective action will be filed with the Court.

## VII.
### FACTS

37. Mr. Abbas worked for the Defendants as a clerk at BK Food Mart from February 23, 2019, until December 1, 2019.

38. Mr. Abbas performed duties that included operating the cash register, assisting customers with purchases food, drink and other retail items, and upkeep and cleaning of the premises.

39. During his employment, Mr. Abbas worked well in excess of 40 hours a week.

40. At the outset of his employment, Mr. Abbas was promised pay at $13.00 per hour.

41. In fact, Mr. Abbas only received $13.00 per hour, and received no overtime pay despite working well in excess of 40 hours a week.

42. Additionally, during some weeks, Mr. Abbas was required to perform 'off-the-clock' work, for which he received no wages, straight-time or overtime.

43. Further, at all Gas Stations/Convenience Stores owned, operated and/or controlled by Defendant Khanji, other clerks similarly received no overtime pay for hours worked in excess of 40 during each workweek, and no wages for 'off-the-clock' work.

44. Defendant Khanji consistently failed to pay overtime wages to Mr. Abbas and to all similarly situated clerks for which they now collectively sue under 29 U.S.C. § 216(b).

45. Defendant Khanji also consistently failed to pay straight-time and overtime wages for 'off-the-clock' work to Mr. Abbas and to all similarly situated clerks for which they now collectively sue under 29 U.S.C. § 216(b).

46. Mr. Abbas seeks collective action certification in order to litigate the unpaid straight-time and overtime wages of all similarly situated clerks at all Gas Stations/Convenience Stores owned, operated and/or controlled by Defendant Khanji during the Relevant Period.

## VIII.
### CAUSES OF ACTION

**Violation of the FLSA – Failure to pay straight-time and overtime wages**

47. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

48. Plaintiff Abbas and all others similarly situated are non-exempt employees – that is, these individuals are entitled to receive overtime wages under the FLSA for all hours worked in excess of 40 during each seven-day workweek falling within the Relevant Period.

49. During his employment, Mr. Abbas worked overtime hours on a weekly basis at the request of Defendant Khanji.

50. Defendant Khanji informed Mr. Abbas that he would receive no overtime wages despite working overtime hours.

51. Indeed, Defendant Khanji paid no overtime wages to Mr. Abbas or to the similarly situated non-exempt employees who worked as clerks at his Gas Stations/ Convenience Stores.

52. Defendant Khanji does not possess contemporaneous, complete and accurate records of the number of weekly hours Plaintiff and members of the Plaintiff Class worked.

53. All employees, including Mr. Abbas, were paid with cash.

54. Defendant Khanji does not possess contemporaneous, complete and accurate records of the wages Plaintiff and members of the Plaintiff Class earned. This includes the lack of recording overtime pay because no such pay was given to Plaintiff or to members of the Plaintiff Class.

55. Because Defendant Khanji has a wide-spread policy and practice of not paying his employees' overtime, he and his Gas Stations/Convenience Stores violated 29 U.S.C. § 201, *et seq*. These violations of the FLSA, which Mr. Khanji and his businesses committed knowingly and repeatedly during each workweek of the Relevant Period, were willful violations of the FLSA as to Plaintiff and members of the Plaintiff Class.

56. Plaintiff and members of the Plaintiff Class sue for their unpaid overtime wages falling within the Relevant Period.

57. Plaintiff and members of the Plaintiff Class also sue under 29 U.S.C. § 206 for all uncompensated hours the Defendants required them to work off-the-clock.

58. For all unpaid straight-time and overtime wages, Plaintiff and members of the Plaintiff Class seek an additional equal amount as liquidated damages under 29 U.S.C. § 216(b).

## IX.
### ATTORNEY'S FEES AND COSTS

59. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

60. Plaintiff and members of the Plaintiff Class seek to recover their attorney's fees and costs of litigation. "The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).

## X.
## JURY DEMAND

61. Plaintiff and members of the Plaintiff Class demand a jury trial on all issues that may be tried to a jury.

## XI.
## PRAYER FOR RELIEF

FOR ALL OF THESE REASONS, Plaintiff Ali Abbas respectfully requests that upon final hearing the Honorable Court grant Plaintiff and members of the Plaintiff Class relief against Defendants Khanji & Sons, Inc. and Baboo Khanji, and against all of Mr. Khanji's Gas Stations/Convenience Stores, jointly and severally, as follows:

a. Authorize the issuance of notice to all similarly situated Gas Station/Convenience Store clerks who were employed during the Relevant Period, informing them of their right to participate in this lawsuit;

b. Declare the Defendants and their Gas Stations violated 29 U.S.C. § 207, by failing to pay Plaintiff, and members of the Plaintiff Class, overtime pay at one-and-one half times their regular hourly base rate for all hours in excess of 40 worked during each seven-day workweek falling within the Relevant Period;

c. Declare the Defendants violated 29 U.S.C. § 206 as to Plaintiff Abbas and members of the Plaintiff Class for all uncompensated hours Defendants required them to work off-the-clock;

d. Declare these violations of the FLSA are willful;

e. Order Defendants and their Gas Stations/Convenience Stores to pay liquidated damages to Plaintiff, and to members of the Plaintiff Class, in an amount equal to all unpaid wages;

f. Order Defendants and their Gas Stations/Convenience Stores to pay reasonable attorney's fees and costs of the action pursuant to 29 U.S.C. §216(b);

g. Order Defendants and their Gas Stations/Convenience Stores to pay all post-judgment interest at the highest lawful rate for all amounts, including attorney fees, assessed against them; and,

h. Order all further relief, whether legal, equitable or injunctive, as may be appropriate to effectuate full relief to Plaintiff and members of the Plaintiff Class under the remedial directives of the FLSA.

                Respectfully submitted,

                **ALI S. AHMED, P.C.**

By:    */s/ Salar Ali Ahmed*
                **Salar Ali Ahmed**
                Federal Id. No. 32323
                State Bar No. 24000342
                430 W. Bell Street
                Houston, Texas 77019
                Telephone: (713) 898-0982
                Email: aahmedlaw@gmail.com

                **Attorney for Plaintiff Ali Abbas and Members of the Plaintiff Class**